■ In the Matter of WALKER McKINNEY, Respondent-Appellant, v COMMISSIONER OF ENVIRONMENTAL CONSERVATION, Appellant-Respondent.— In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Environmental Conservation, dated March 19, 1975 and made after a hearing, which denied petitioner's application for a moratorium permit for the alteration of the state of tidal wetlands or adjacent areas, the parties cross-appeal from an order of the Supreme Court, Suffolk County, entered November 5, 1975, which remanded the proceeding to the commissioner "to receive evidence with respect to whether the proposed alteration is contrary to the policy of the Tidal Wetlands Act". Permission for the taking of these appeals is hereby granted by Mr. Justice Titone. Order reversed, on the law, with costs to the commissioner, determination confirmed and proceeding dismissed on the merits. Petitioner is the owner of about 15 acres of real property situated within the Village of Quogue and the Town of Southampton. The property borders, in part, on Shinnecock Bay. Sometime in 1969 petitioner received a permit to dredge a channel into his property and to construct a boat basin thereon. The fill from the dredging was to be used to elevate the parcel to approximately five feet. When the Tidal Wetlands Act, and its concomitant moratorium against alteration of wetlands, went into effect (Environmental Conservation Law, §§ 25-0101 *et seq.,* L 1973, ch 790, § 2), the dredging ceased. Petitioner applied to the commissioner for a hardship permit to continue the dredging and, in fact, to increase the length of the proposed channel. Pursuant to the provisions of the Environmental Conservation Law a hearing was held. Petitioner had a complete opportunity to present his evidence. The hearing officer found that the proposed work would contravene the policy of protecting tidal wetlands and recommended that the permit be denied and that any alteration await the conclusion of the moratorium period, by which time appropriate land use regulations will have been enacted. That recommendation was accepted by the commissioner. Although we disagree with so much of the commissioner's findings as held that petitioner had not shown "hardship", there is more than substantial evidence to support the finding that the proposed dredging and filling of the property will effectively destroy the existing wetland characteristics of the property and should not be permitted until the moratorium period is concluded. Furthermore, petitioner had the burden of presenting evidence on all issues necessary in order for him to receive the permit. Accordingly, the determination should be confirmed and the proceeding dismissed. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.