■ HARBOUR POINT, INC., Petitioner, v ROBERT F. FLACKE, as Commissioner of New York State Department of Environmental Conservation, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Environmental Conservation dated July 12, 1982, which, after a hearing, denied petitioner's application for a tidal wetlands permit.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Petitioner, Harbour Point, Inc., a domestic corporation, is the owner of a three-acre parcel of land located in the Incorporated Village of Centre Island, in the Town of Oyster Bay, Nassau County. On or about April 28, 1978, petitioner filed an application with respondent for a permit under ECL article 25 to build a one-family house on the property at issue within 75 feet of tidal wetland. This application was filed without conceding that respondent had jurisdiction over the property pursuant to said law. Prior to the filing of this application, other applications involving similar adjacent three-acre parcels, all within 75 feet of the tidal wetland, had been filed with respondent who had then issued moratorium permits and houses had been constructed on these parcels. Also, petitioner had applied for and

received a building permit from the Village of Centre Island. According to the testimony of Siegfried J. Dankenbring, the building inspector for the village, before issuing this permit a determination was made that there would be no adverse effect on the ecology.

Respondent then commenced an administrative enforcement proceeding, charging petitioner with placing fill on the property at issue without first obtaining a permit. After two years and much negotiation, the enforcement action was resolved by an amended consent order. Pursuant to this amended consent order, dated March 5, 1979, the fill was allowed to remain, but, *inter alia,* petitioner was ordered to establish a $6,000 trust fund for the expenses of the investigation, supervision oversight and reporting of the work agreed to under the consent form.

The consent order provided, in part, that, "V. Nothing contained herein shall be construed to prejudice any rights of [petitioner] to obtain any permits from or of the Department at any time in the future, provided [petitioner] meet[s] the necessary or appropriate regulations or provisions of law, nor is anything contained herein to be construed to prejudice either party's claims concerning the Department's jurisdiction or lack of jurisdiction over the property."

Subsequently, by letter and application dated September 8, 1981, petitioner renewed its application for a tidal wetlands building permit to construct a single dwelling, again without conceding jurisdiction. In its letter it stated, in part: "We do not believe that the project described in the petition alters or exerts any impact on the state of tidal wetlands, inasmuch as the project contemplates only construction on a three acre plot (whose building site is *presently* over 10 feet above mean sea level) of a dwelling whose ground floor will be 13 feet above mean sea level" (emphasis added).

Following a public hearing held on April 1, 1982 on petitioner's permit application, Administrative Law Judge A. Marshall Irving submitted a hearing report including findings of fact and conclusions. In it he concluded that there were no compelling practical difficulties which would justify the granting of a variance in this matter. Further, petitioner could redesign its project to meet the requirements of Tidal Wetlands-Land Use Regulations (6 NYCRR part 661). In addition, Irving found that the placing in 1976 of the fill without a permit, and the Department of Environmental Conservation's subsequent allowing of that fill to remain after an enforcement action, did not constitute approval of the fill site as a location for a home. He noted that the amended consent order provided that additional approval

would be required to develop the site. The administrative law judge noted that allowing the project at issue would induce others to seek similar variances, and there would be a cumulative negative impact on tidal wetlands from construction of dwellings at little or no setback from wetlands. Finally, Irving concluded that the requested permit should be denied without prejudice to a reapplication which would relocate the proposed structure setback at least 75 feet from the tidal wetlands boundary.

On July 12, 1982, the respondent Commissioner of the Department of Environmental Conservation, Robert F. Flacke, issued his decision, adopting Irving's findings of fact and conclusions and denying petitioner's application. Irving had referred to Flacke the resolution of the jurisdictional issue raised by petitioner, who argued that the proposed site was then 10 feet or more above mean sea level. Commissioner Flacke pointed out that petitioner's site was now that high because it filled the site with sand in 1976, without any permits from the Department of Environmental Conservation. Although, after commencing an enforcement procedure, the Department allowed the fill to remain and the site to be regraded, vegetated and stabilized with a rock revetment, "[t]he settlement in that matter specifically noted that the department reserved its right to require any future development of the Site to meet the tidal wetlands regulations". The Commissioner found that petitioner's "unpermitted acts do not remove the Site in question from the jurisdiction of the Department since to find otherwise would establish the unacceptable principle that landowners could, by filling an area adjacent to tidal wetlands, effectively negate the use guidelines and development restrictions of the Department's Tidal Wetlands Land Use Regulations (6 NYCRR part [661])."

Petitioner subsequently commenced this CPLR article 78 proceeding claiming, *inter alia,* that the Department of Environmental Conservation's refusal to grant its permit or at least refer the matter back to the administrative law judge involved in the proceeding resulting in the consent order, was arbitrary and capricious. It requested that the respondent's denial of its application be vacated and annulled and respondent be directed to issue a permit to build a dwelling on the proposed site. The proceeding was then transferred to this court.

Upon a review of the record, we find that the Commissioner properly held that the property at issue is within the Department of Environmental Conservation's jurisdiction. Specifically, we find that this determination did not violate the terms of the amended consent order, nor did this order constitute a permit to

build. We further find substantial evidence to support the Commissioner's denial of petitioner's application for a tidal wetlands permit to build a single-family dwelling, without prejudice to any reapplication which relocates the proposed dwelling at the required 75-foot setback distance from the tidal wetlands' boundary line on the site (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of McKinney v Commissioner of Environmental Conservation,* 52 AD2d 881). Accordingly, the Department of Environmental Conservation's determination is confirmed. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.